UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LORRAINE C. EAST and LA'NADREA ALEXIS MILLER, <br><br> Plaintiffs, <br><br> v. <br><br> M. MCDERMOTT, Judge a/k/a Marissa McDermott; BENJAMIN T. BALLOU, Commissioner; FRANCISCAN HEALTH CROWN POINT; DR. SHAABAN FANDEL (ER Doctor); REGIONAL MENTAL HEALTH CENTER; LAKE COUNTY SHERIFF DEP'T; DR. KLOOKER; METHODIST HOSPITALS; and HURST, Lake County Officer, <br><br> Defendants. | CAUSE NO.: 2:23-CV-204-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court on a Second Amended Complaint [ECF No. 9] and two Motions to Proceed in Forma Pauperis [ECF No. 10], filed on October 4, 2023, by Lorraine C. East and La'Nadrea Alexis Miller, both proceeding without counsel. For the reasons set forth below, the Plaintiffs' Motions are DENIED. The Plaintiffs' Second Amended Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Plaintiffs are GRANTED additional time to amend their complaint, accompanied either by the statutory filing fee or renewed Motions to Proceed In Forma Pauperis. If the Plaintiffs fail to amend their complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiffs.

**PROCEDURAL BACKGROUND**

On June 21, 2023, Plaintiff Lorraine C. East, without counsel, filed a Complaint [ECF No. 1] and a Motion to Proceed In Forma Pauperis [ECF No. 2]. Both were filed on behalf of herself and La'Nadrea Alexis Miller, her adult daughter. La'Nadrea Alexis Miller did not sign the Complaint. On July 13, 2023, the Court issued an order granting the Plaintiffs through July 27, 2023, (1) to file an Amended Complaint signed by both the Plaintiffs and (2) to resolve separately their filing fee statuses, including filing separate in forma pauperis petitions if necessary. ECF No. 3. The deadline was extended to August 25, 2023. ECF No. 5.

On August 25, 2023, an Amended Complaint [ECF No. 6] was filed, naming both Lorraine C. East and La'Nadrea Alexis Miller as plaintiffs. However, the Amended Complaint was signed only by La'Nadrea Alexis Miller. In addition, the Amended Complaint improperly contained a motion. The same date, La'Nadrea Alexis Miller filed a signed Motion to Proceed in Forma Pauperis [ECF No. 7], but Plaintiff Lorraine C. East did not resolve her own filing fee status as ordered by the Court. In an Order issued on September 1, 2023, the Court granted the Plaintiffs one further extension of time to file a Second Amended Complaint signed by both Plaintiffs containing all the allegations against all the Defendants against whom the Plaintiffs wish to bring the lawsuit and also granted Plaintiff Lorraine C. East an extension of time to resolve her own filing fee status either (1) by filing her own Motion for Leave to Proceed In Forma Pauperis that addresses only her individual fee status or (2) by paying the filing fee. ECF No. 8.

On October 4, 2023, the Plaintiffs filed a Second Amended Complaint [ECF No. 9] against Commissioner Benjamin T. Ballou, Judge M. McDermott, Dr. Shaaban Fandel, Dr. Klooker, Franciscan Health Crown Point, Methodist Hospitals, Regional Mental Health Center,

Lake County Sheriff Department, and Officer Hurst. Once again, the Second Amended Complaint improperly contains what appears to be correspondence with the Court at pages 2 and 4 of the filing. Also, the Plaintiffs each signed separate signature pages, with Lorraine C. East's signature dated September 27, 2003, and what appears to be La'Nadrea Miller's August 25, 2023 signature page from the Amended Complaint. The Plaintiffs properly filed separate Motions to Proceed In Forma Pauperis. ECF No. 10.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). The federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiffs' motions establish that they are each unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim, applying the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). To state a claim under the federal notice pleading standard, a complaint must set forth a "short and

3

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In the Second Amended Complaint [ECF No. 9], the Plaintiffs make the following factual allegations on pages 3 and 5. On June 21, 2021, Ms. East's daughter, Ms. Miller, got sick. Ms. East took Ms. Miller to the Franciscan Health Crown Point emergency room. Ms. Miller was experiencing a severe case of anxiety with a severe case of "post-traumatic stress syndrome," due to a severe childhood violation. Ms. Miller "thought telling would get her [the] help she needed." Instead, what happened as a "total nightmare that will not end." Ms. East alleges that the emergency room doctors, the police (the Lake County Sheriff's Department), Commissioner Benjamin Ballou, and [Regional] "caused problems that my child, myself, and [the] best of my entire family [are] now left traumatized." Specifically, on June 21, 2021, at 3:00 a.m., Ms. Miller was "taken from" Ms. East. Ms. East alleges: "as my child and I were like slaves being sold." "[R]acist Commissioner Benjamin Ballou and racist crew [are] to blame." Commissioner Ballou and Judge McDermott had no right "to remove" Ms. Miller. Ms. East alleges that Commissioner Ballou and Judge McDermott "continue to follow my cases in courts here causing my entire family to go through very bad excruciating pain, stress, and shame." The Plaintiffs contend that Commissioner Ballou and Judge McDermott "need to be removed and stopped," and they ask for a change of judge and venue in the pending cases. Finally, the Plaintiffs allege that Ms. Miller has been misdiagnosed, and they ask the Court to assist the doctors with clearing her records so

she can get further education in the military. The Court considers the allegations against (1) Commissioner Ballou and Judge McDermott, (2) the law enforcement defendants, and (3) the doctors and the medical entities in turn.

1. *Commissioner Ballou and Judge McDermott*

The Plaintiffs allege that Benjamin Ballou was racist and that Commissioner Ballou and Judge McDermott had "no right to remove Ms. Miller." It appears that the Plaintiffs are bringing a claim under 42 U.S.C. § 1983 for a violation of constitutional rights. The Plaintiffs also ask the Court to remove Commissioner Ballou and Judge McDermott from their state cases or to order a change of venue in the state cases. It appears that the Plaintiffs are referencing state court proceedings, possibly a civil commitment proceeding based on the references to Ms. Miller being "taken" and "removed" as well as the allegations regarding her mental health. However, the Plaintiffs allege no specific facts to provide context for these claims. The Plaintiffs allege no facts describing what Commissioner Ballou and Judge McDermott did to allegedly violate their constitutional rights or what they mean when they say that Ms. Miller was "taken" and "removed." The references to causing a "nightmare" and "problems" are too vague, and the Court is unable to discern a colorable action. As a result, the Plaintiffs have failed to state a claim against these defendants.

Moreover, to the extent the Plaintiffs ask this Court to intervene in ongoing state court proceedings, the principles of equity, comity, and federalism would likely require that this Court decline to intervene in those ongoing state court proceedings. "Even though abstention is the exception, not the rule," *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1070 (7th Cir. 2018) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)), federal courts "may, and often must, decline to exercise . . . jurisdiction where doing so would intrude

5

upon the independence of the state courts," *id.* at 1070–71 (quoting *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010)); *see also SKS & Assocs.*, 619 F.3d at 677 (citing *Younger v. Harris*, 401 U.S. 37 (1971); *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007)). Specifically, *Younger* abstention stands for "the principle that federal courts should abstain from interfering with ongoing state judicial proceedings that are judicial in nature, involve important state interests, provide an adequate opportunity to raise federal claims, and do not contain special circumstances that would make abstention inappropriate." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 740 (7th Cir. 2016) (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007)). Extraordinary or special circumstances that would override *Younger* abstention may include bias or harassment. *See FreeEats.com*, 502 F.3d at 596 (quoting *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).

Finally, to the extent the Plaintiffs are asking the Court to change the outcome of a prior state court decision, the Court lacks jurisdiction to do so. Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review or reverse orders issued in a state court case. *See Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020) (explaining that the lawsuit was barred by the *Rooker-Feldman* doctrine because "any finding in favor of the [plaintiff] would require [the federal court] to contradict the state court's orders"); *Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002) (observing that under the *Rooker-Feldman* doctrine "lower federal courts do not have jurisdiction to conduct direct review of state court decisions"). In essence, the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." *Gilbert v. Ill. St. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). Moreover, "a plaintiff may not seek a reversal of a state court judgment simply by casting [her] complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)

(quoting *Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir. 1984)). Although a federal court is free to entertain claims that are independent of any state court proceedings, *Gilbert*, 591 F.3d at 900, the Court cannot discern any such independent claims from the Plaintiffs' Second Amended Complaint—at least not any that give fair notice of what the claim is and the grounds upon which it rests.

2.     *Law Enforcement Defendants*

The Court turns to the claims against the law enforcement defendants—Officer Hurst and the Lake County Sheriff's Department. The Second Amended Complaint contains no allegations of fact about what Officer Hurst or the Sheriff's Department allegedly did that forms the basis of any claims against them. Again, vague allegations that they caused a "nightmare" or "problems" are insufficient. Accordingly, the Plaintiff has failed to state a claim against Officer Hurst and the Lake County Sheriff's Department.

3.     *Doctors and Medical Entities*

Finally, the Court considers the Plaintiffs' allegations against the doctors and the medical entity defendants—Franciscan Health Crown Point, Dr. Shaaban Fandel, Dr. Klooker, Regional Mental Health Center, and Methodist Hospitals. The Plaintiffs allege that Ms. Miller was misdiagnosed. Thus, it appears that Ms. Miller is alleging a claim of medical malpractice, which is a state law claim. *See Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182, 185 (Ind. 2011) ("[R]egardless of what label a plaintiff uses, claims that boil down to a question of whether a given course of treatment was medically proper and within the appropriate standard are the quintessence of a malpractice case." (cleaned up)). The Court can discern no federal law basis for a claim against these private entities and doctors that would invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331.

First, for this Court to have subject matter jurisdiction over this state law claim, the Court must either have original jurisdiction under 28 U.S.C. § 1332 or supplemental jurisdiction under 28 U.S.C. § 1367(a). The Second Amended Complaint contains no allegations establishing diversity of citizenship or that the amount in controversy exceeds $75,000 for purposes of 28 U.S.C. § 1332. As for supplemental jurisdiction, because the Court is dismissing the federal claims for failure to state a claim, the Court declines to exercise its supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(c).

Moreover, even if the Court has subject matter jurisdiction over the claim, the Plaintiffs fail to state a claim of medical malpractice because they have not alleged compliance with the Indiana Medical Malpractice Act, Ind. Code § 34-18-1 et seq., which requires that "before a party may commence a medical malpractice action against a health care provider in an Indiana trial court, the party's proposed complaint must first be presented to a medical review panel through the Department of Insurance, and the panel must render an opinion as to whether the defendant failed to act within the appropriate standard of care." *Welborn v. Ethicon Inc.*, No. 2:22-CV-92, 2022 WL 17600302, at *1 (N.D. Ind. Dec. 12, 2022) (quoting *Lorenz v. Anonymous Physician #1*, 51 N.E.3d 391, 395–96 (Ind. Ct. App. 2016) (citing Ind. Code § 34-18-8-4, § 34-18-10-22)). "The medical review panel requirement is a substantive feature of the Act that must be enforced in federal court." *Thompson v. Cope*, 900 F.3d 414, 424 (7th Cir. 2018) (citing *Hines v. Elkhart Gen. Hosp.*, 603 F.2d 646, 649–50 (7th Cir. 1979)). The Second Amended Complaint does not allege that Ms. Miller presented a proposed complaint to the medical review panel, nor are there any documents attached that would show her compliance with the Act. Dismissal of this claim is without prejudice to give Ms. Miller an opportunity to either show that she submitted

her claim to the medical review panel or to refile her state law claim once cleared by the medical review panel. *See id.* at 426.

4.  *Leave to File Third Amended Complaint*

"When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citations omitted); *see also Luevano*, 722 F.3d at 1022. Although the Court has previously given the Plaintiffs two opportunities to amend the complaint, the leave was given to correct problems with their signatures and in forma pauperis motions. Now dismissing the Plaintiff's Second Amended Complaint [ECF No. 9] for failure to state a claim, the Court grants the Plaintiffs an opportunity to amend the complaint to address the deficiencies set forth above if they believe that they can state plausible claims. The Plaintiffs are cautioned that the Third Amended Complaint must be an entirely new complaint that is (1) titled "Third Amended Complaint," (2) contains factual allegations to address the deficiencies addressed above and to show which claims each of the Plaintiffs brings against each of the Defendants, (3) is signed and dated by both the Plaintiffs, and (4) does not contain any correspondence with the Court or motions for relief from the Court.

Along with a Third Amended Complaint, the Plaintiffs must also file new Motions to Proceed In Forma Pauperis. If the Plaintiffs do not file the Third Amended Complaint by November 23, 2023, the Court will direct the Clerk of Court to close this case. If the Plaintiffs do not file the Third Amended Complaint and the case is closed, the Plaintiffs are permitted to pursue their state claims in state court because the Court has declined to exercise jurisdiction over the state law claims under 28 U.S.C. § 1367(c)(3). *See Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) (explaining that when a district court

dismisses the federal claim conferring original jurisdiction before trial, the court may relinquish supplemental jurisdiction over any state law claims under § 1367(c)(3)).

## CONCLUSION

Based on the foregoing, the Court DENIES the Plaintiffs' Motions to Proceed In Forma Pauperis [ECF Nos. 2, 7, 10] and DISMISSES without prejudice the Second Amended Complaint [ECF No. 9] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court GRANTS the Plaintiffs up to and including November 23, 2023, to file a Third Amended Complaint as set forth above as well as either new, separate Motions to Proceed In Forma Pauperis or the filing fee. The Plaintiffs must also submit summonses for any newly added Defendants. The Court DIRECTS the Clerk of Court to send the Plaintiffs a blank Civil Complaint form and two blank in forma pauperis forms. The Plaintiffs are cautioned that, if they do not respond by the November 23, 2023 deadline, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiffs and the Court will relinquish jurisdiction over any state law claims.

SO ORDERED on October 27, 2023.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT