UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LORRAINE C. EAST and LA'NADREA ALEXIS MILLER, <br><br> Plaintiffs, <br><br> v. <br><br> M. MCDERMOTT, Judge a/k/a Marissa McDermott; BENJAMIN T. BALLOU, Commissioner; FRANCISCAN HEALTH CROWN POINT; DR. SHAABAN FANDEL (ER Doctor); REGIONAL MENTAL HEALTH CENTER; LAKE COUNTY SHERIFF DEP'T; DR. KLOOKER; METHODIST HOSPITALS; and HURST, Lake County Officer, <br><br> Defendants. | CAUSE NO.: 2:23-CV-204-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Third Amended Complaint [ECF No. 17] and two Motions to Proceed in Forma Pauperis [ECF Nos. 14, 15], filed on January 23, 2024, by Lorraine C. East and La'Nadrea Alexis Miller, both proceeding without counsel. For the reasons set forth below, the Court denies the Plaintiffs' Motions and dismisses the Third Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it is not signed by Ms. Miller and because it fails to state a claim by Ms. East. The Plaintiffs are granted one final opportunity to file a Fourth Amended Complaint and either new motions to proceed in forma pauperis or the statutory filing fee subject to the Court's instructions below. If the Plaintiffs fail to amend their complaint within the time allowed, the Clerk of Court will be directed to close the case without further notice to the Plaintiffs.

**PROCEDURAL BACKGROUND**

On June 21, 2023, Plaintiff Lorraine C. East, without counsel, filed a Complaint [ECF No. 1] and a Motion to Proceed In Forma Pauperis [ECF No. 2]. Both were filed on behalf of herself and La'Nadrea Alexis Miller, her adult daughter. La'Nadrea Alexis Miller did not sign the Complaint. On July 13, 2023, the Court issued an order granting the Plaintiffs through July 27, 2023, (1) to file an Amended Complaint signed by both the Plaintiffs and (2) to resolve separately their filing fee statuses, including filing separate in forma pauperis petitions if necessary. ECF No. 3. The deadline was extended to August 25, 2023. ECF No. 5.

On August 25, 2023, an Amended Complaint [ECF No. 6] was filed, naming both Ms. East and Ms. Miller as plaintiffs. However, the Amended Complaint was signed only by Ms. Miller. In addition, the Amended Complaint improperly contained a motion. The same date, Ms. Miller filed a signed Motion to Proceed in Forma Pauperis [ECF No. 7], but Ms. East did not resolve her own filing fee status as ordered by the Court. In an Order issued on September 1, 2023, the Court granted the Plaintiffs one further extension of time to file a Second Amended Complaint signed by both Plaintiffs containing all the allegations against all the Defendants against whom the Plaintiffs wish to bring the lawsuit and also granted Ms. East an extension of time to resolve her own filing fee status either (1) by filing her own Motion for Leave to Proceed In Forma Pauperis that addresses only her individual fee status or (2) by paying the filing fee. ECF No. 8.

On October 4, 2023, the Plaintiffs filed a Second Amended Complaint [ECF No. 9] against Commissioner Benjamin T. Ballou, Judge M. McDermott, Dr. Shaaban Fandel, Dr. Klooker, Franciscan Health Crown Point, Methodist Hospitals, Regional Mental Health Center, Lake County Sheriff Department, and Officer Hurst. Once again, the Second Amended

Complaint improperly contained what appeared to be correspondence with the Court. Also, the Plaintiffs each signed separate signature pages, with Ms. East's signature dated September 27, 2003, and what appeared to be Ms. Miller's August 25, 2023 signature page from the earlier Amended Complaint. The Plaintiffs filed separate Motions to Proceed In Forma Pauperis. ECF No. 10.

On October 27, 2023, the Court issued an Order denying the motions to proceed in forma pauperis and dismissing the Second Amended Complaint for failure to state a clam. ECF No. 11. The Court set a deadline for the Plaintiffs to file a Third Amended Complaint to cure the identified deficiencies as well as to file new, separate Motions to Proceed In Forma Pauperis or the filing fee. *Id.* Following an extension of time, the Plaintiffs timely filed on January 23, 2024, the instant, separate Motions to Proceed in Forma Pauperis [ECF Nos. 14, 15] and the Third Amended Complaint [ECF No. 17], which is brought against the same nine defendants. While Ms. East's signature, on what appears to be the final page of the Third Amended Complaint, is dated November 22, 2003, Ms. Miller has once again submitted what appears to be the signature page dated August 25, 2023, from the earlier Amended Complaint.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). The federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiffs' motions to proceed in forma pauperis

establish that they are each unable to prepay the filing fee. The Court recognizes that each Plaintiff signed her own Motion to Proceed In Forma Pauperis on January 23, 2024. *See* ECF Nos. 14 and 15.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id*. § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim, applying the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In the Third Amended Complaint [ECF No. 17], the Plaintiffs make some of the same factual allegations as in the Second Amended Complaint [ECF No. 9]. On June 21, 2021, Ms. Miller, who is Ms. East's adult daughter, got sick. Ms. East took Ms. Miller to the Franciscan Health Crown Point emergency room. Ms. Miller was experiencing a severe case of anxiety with a severe case of "post-traumatic stress syndrome," due to a severe childhood violation. Ms. Miller "thought telling would get her [the] help she needed." Instead, what happened as a "total

4

nightmare that will not end." Ms. East alleges that the emergency room doctors, the police (the Lake County Sheriff's Department), Commissioner Benjamin Ballou, and [Regional] "caused problems that my child, myself, and [the] best of my entire family [are] now left traumatized." Specifically, on June 21, 2021, at 3:00 a.m., Ms. Miller was "taken from" Ms. East. Ms. East alleges: "as my child and I were like slaves being sold." "[R]acist Commissioner Benjamin Ballou and racist crew [are] to blame."

Although it is unclear because no case information is provided, the Plaintiffs appear to allege that there is a "conflict" with Judge McDermott and Commissioner Ballou because a judge recused himself or herself but then dismissed an emergency hearing regarding Ms. East's parental rights. The Plaintiffs then allege that their due process rights have been violated because the state court judges should have recused themselves. They also allege a civil rights violation based on retaliation for complaints. The Plaintiffs allege that the state court judges acted outside their judicial capacity when they allowed Ms. Miller to be removed from the emergency room and transported to the mental health facility without anything being filed in a court of law. The Plaintiffs allege that Regional Mental Health Center is a client of Commissioner Ballou.

As an initial matter, the Third Amended Complaint is in violation of Federal Rule of Civil Procedure 11(a), which requires that all pleadings be signed, because the Third Amended Complaint is not signed by both Plaintiffs. Two signature pages were submitted with the Third Amended Complaint on January 23, 2024. One signature page is signed by Ms. East, dated November 22, 2023, and appears to be signed as part of the Third Amended Complaint. *See* ECF No. 17, p. 7 of 9. The other signature page appears to be a copy of the August 25, 2023 signature page signed by Ms. Miller and submitted as part of the earlier Amended Complaint. *Compare* ECF No. 17, p. 8 of 9, *with* ECF No. 6, p. 4 of 4. In addition, the two signature pages contain

5

different factual and legal allegations in the "Claim and Facts (continued)" and "Relief" sections above the signature line. Thus, the Court dismisses the Third Amended Complaint as brought by Ms. Miller for failure to sign the pleading.

Next, the Court finds that the Third Amended Complaint fails to allege any facts to support a claim by Ms. East. The allegations of the Third Amended Complaint concern what appears to be the involuntary commitment of Ms. Miller without an emergency detention order. Ms. Miller is Ms. East's adult daughter. Most of the allegations concern events that happened to Ms. Miller, such as the allegations regarding Ms. Miller's treatment at the hospital, Ms. Miller's emergency hearing, and Ms. Miller's transportation from the emergency room to a mental healthcare facility. Notably, the Third Amended Complaint makes frequent assertions by Ms. East of violations of Ms. Miller's rights: "which caused my child's rights to be violated," the defendants and others "allowed this to happen . . . with intent do harm to my child," "my child's, myself, both our constitutional rights have been so violated," "my child was placed in slave like chains in open court," and "my child's rights were violated," ECF No. 17, pp. 5–7 of 9. First, Ms. East does not have standing to assert any claims on behalf of her daughter, Ms. Miller, and may only assert a violation of her own rights. *See Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999) (citing *United States v. Raines*, 362 U.S. 17, 22–23 (1960)). The Seventh Circuit has also held that there is no "constitutional right to recover for the loss of the companionship of an adult child when that relationship is terminated as an incidental result of state action." *Russ v. Watts*, 414 F.3d 783, 791 (7th Cir. 2005) (holding that the Fourteenth Amendment does not provide a claim for loss of society for parents whose adult son was killed by police).

The only other facts that appear to relate to a claim by Ms. East are that a judge (either Commissioner Ballou or Judge McDermott) recused himself or herself but then dismissed an

emergency hearing regarding Ms. East's parental rights. As start court judges, Commissioner Ballou or Judge McDermott, "enjoy absolute judicial immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (cleaned up). As set forth in the Court's prior opinion, to the extent any state court proceedings are ongoing, *Younger* abstention bars this Court from intervening in those proceedings. *See Howell v. Manitowoc Cnty. Hum. Servs.*, No. 22-2184, 2023 WL 6492083, at *1 (7th Cir. Oct. 5, 2023) (citing *Younger v. Harris*, 401 U.S. 37 (1971); *Milchtein v. Chisholm*, 880 F.3d 895, 898–99 (7th Cir. 2018)). And as the Court explained in its prior opinion, to the extent the state court proceedings have concluded, the Court lacks jurisdiction to change the outcome of a prior state court decision under the *Rooker-Feldman* doctrine. *See id.* Again, Ms. East has not identified a claim independent of the state court proceedings. *See Gilbert v. Ill. St. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010).

As to the law enforcement defendants, as with the Second Amended Complaint, there are no factual allegations to support a claim against them, much less a claim by Ms. East against any of the law enforcement defendants. Finally, Ms. East has not alleged any facts to state a claim by her against any of the doctors or medical entity defendants. Accordingly, the Court dismisses the Third Amended Complaint as brought by Ms. East.

The Court will give the Plaintiffs one final opportunity to sign and file a Fourth Amended Complaint to cure the deficiencies set forth above. As the Court noted in its Order on the original Complaint, Ms. East is not an attorney and thus cannot represent Ms. Miller. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (citations omitted); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."). Thus, if the Fourth Amended Complaint is filed solely by Ms. Miller proceeding

without counsel, Ms. Miller must file her own pleading; Ms. East may not represent her. Along with a Fourth Amended Complaint, the Plaintiff(s) must file new Motions to Proceed In Forma Pauperis or pay the filing fee. If the Plaintiff(s) do not file the Fourth Amended Complaint by February 29, 2024, the Court will direct the Clerk of Court to close this case.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES the Plaintiffs' Motions to Proceed In Forma Pauperis [ECF Nos. 14, 15] and DISMISSES without prejudice the Third Amended Complaint [ECF No. 17] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and because Plaintiff Miller did not sign the Third Amended Complaint.

The Court GRANTS the Plaintiffs one final opportunity, up to and including February 29, 2024, to file a Fourth Amendment Complaint that (1) is prepared and signed by Ms. Miller, if Ms. Miller is filing only on her own behalf, or that is signed and dated separately by each of the Plaintiffs, if filed by both Plaintiffs, and (2) cures the deficiencies identified in this Opinion. Also by February 29, 2024, Ms. Miller, or both Plaintiffs, must again file new, separate Motions to Proceed In Forma Pauperis or pay the filing fee.

The Court DIRECTS the Clerk of Court to send the Plaintiffs a blank Civil Complaint form and two blank in forma pauperis forms. The Plaintiffs are cautioned that, if they do not respond by the February 29, 2024 deadline, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiffs. The Court STRIKES, as unsigned, the Plaintiffs' Motion for Extension of Time [ECF No. 16].

SO ORDERED on February 6, 2024.

    s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT