UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LORRAINE C. EAST and LA'NADREA ALEXIS MILLER,<br><br>Plaintiffs,<br><br>v.<br><br>M. MCDERMOTT, Judge a/k/a Marissa McDermott; BENJAMIN T. BALLOU, Commissioner; FRANCISCAN HEALTH CROWN POINT; DR. SHAABAN FANDEL (ER Doctor); REGIONAL MENTAL HEALTH CENTER; LAKE COUNTY SHERIFF DEP'T; DR. KLOOKER; METHODIST HOSPITALS; and HURST, Lake County Officer,<br><br>Defendants. | CAUSE NO.: 2:23-CV-204-TLS-JEM |

## OPINION AND ORDER

This matter is before the Court on a Fourth Amended Complaint [ECF No. 19-3] and two Motions to Proceed in Forma Pauperis [ECF Nos. 20-1, 21-1], filed on February 29, 2024, by Lorraine C. East and La'Nadrea Alexis Miller, both proceeding without counsel. For the reasons set forth below, the Court denies the motions and dismisses the Fourth Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim by Ms. East and for failure to prosecute as to Ms. Miller because Ms. East cannot represent Ms. Miller in this action. As leave to amend and additional time was already granted to cure these deficiencies, the Court will not grant any further leave to amend.

## PROCEDURAL BACKGROUND

On June 21, 2023, Plaintiff Lorraine C. East, without counsel, filed a Complaint [ECF No. 1] and a Motion to Proceed In Forma Pauperis [ECF No. 2]. Both were filed on behalf of

herself and La'Nadrea Alexis Miller, her adult daughter. Ms. Miller did not sign the Complaint. On July 13, 2023, the Court issued an Order granting the Plaintiffs through July 27, 2023, (1) to file an Amended Complaint signed by both the Plaintiffs and (2) to resolve separately their filing fee statuses. ECF No. 3.

On August 25, 2023, following an extension of time, an Amended Complaint [ECF No. 6] was filed, naming both Ms. East and Ms. Miller as plaintiffs. The Amended Complaint was signed only by Ms. Miller and improperly contained a motion. Ms. Miller filed a signed Motion to Proceed In Forma Pauperis [ECF No. 7], but Ms. East did not resolve her own filing fee status. In an Order issued on September 1, 2023, the Court granted the Plaintiffs one further extension of time to file a Second Amended Complaint signed by both Plaintiffs containing all the allegations against all the Defendants against whom the Plaintiffs wish to bring the lawsuit and granted Ms. East an extension of time to resolve her own filing fee status. ECF No. 8.

On October 4, 2023, the Plaintiffs filed a Second Amended Complaint [ECF No. 9] against Commissioner Benjamin T. Ballou, Judge M. McDermott, Dr. Shaaban Fandel, Dr. Klooker, Franciscan Health Crown Point, Methodist Hospitals, Regional Mental Health Center, Lake County Sheriff Department, and Officer Hurst. Once again, the Second Amended Complaint improperly contained what appeared to be correspondence with the Court. Also, the Plaintiffs each signed separate signature pages, with Ms. East's signature dated September 27, 2003, and what appeared to be Ms. Miller's August 25, 2023 signature page from the earlier Amended Complaint. The Plaintiffs filed separate Motions to Proceed In Forma Pauperis. ECF No. 10. On October 27, 2023, the Court issued an Opinion denying the motions and dismissing the Second Amended Complaint for failure to state a clam but granting leave to file a Third Amended Complaint to cure the identified deficiencies. ECF No. 11.

2

The Plaintiffs timely filed separate Motions to Proceed in Forma Pauperis [ECF Nos. 14, 15] and a Third Amended Complaint [ECF No. 17] against the same nine defendants. While Ms. East's signature on what appeared to be the final page of the Third Amended Complaint was dated November 22, 2003, Ms. Miller again submitted what appeared to be a signature page dated August 25, 2023, from the earlier Amended Complaint. On February 6, 2024, the Court issued an Opinion denying the motions because Ms. Miller did not sign the Third Amended Complaint and for Ms. East's failure to state a claim. The Court again cautioned that Ms. East, who is not an attorney, may not represent Ms. Miller in this action. The Court gave the Plaintiffs a final opportunity to cure the identified defects. On March 29, 2029, the Plaintiffs timely filed a Fourth Amended Complaint [ECF No. 19-3] signed by both Plaintiffs and separate Motions for Leave to Proceed In Forma Pauperis [ECF Nos. 20-1, 21-2].

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). The federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiffs' motions to proceed in forma pauperis establish that they are each unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id*. § 1915(e)(2)(B). District courts have the power under

§ 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim, applying the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

Pages 3–6 of the Fourth Amended Complaint [ECF No. 19-3], which contain the factual allegations, are photocopies of pages 3–6 of the Third Amended Complaint [ECF No. 17], albeit in a different order. The alleged facts are as follows. On June 21, 2021, Ms. Miller, who is Ms. East's adult daughter, got sick. Ms. East took Ms. Miller to the Franciscan Health Crown Point emergency room. Ms. Miller was experiencing a severe case of anxiety with a severe case of "post-traumatic stress syndrome," due to a severe childhood violation. Ms. Miller "thought telling would get her [the] help she needed." Instead, what happened as a "total nightmare that will not end." Ms. East alleges that the emergency room doctors, the police (the Lake County Sheriff's Department), Commissioner Benjamin Ballou, and [Regional] "caused problems that my child, myself, and [the] rest of my entire family [are] now left traumatized." Specifically, on June 21, 2021, at 3:00 a.m., Ms. Miller was "taken from" Ms. East. Ms. East alleges: "as my

4

child and I were like slaves being sold." "[R]acist Commissioner Benjamin Ballou and racist crew [are] to blame."

The Plaintiffs allege that there is a "conflict" with Judge McDermott and Commissioner Ballou because a judge recused himself or herself but then dismissed an emergency hearing regarding Ms. East's parental rights. The Plaintiffs allege that their due process rights have been violated because the state court judges should have recused themselves. They also allege a civil rights violation based on retaliation for complaints. The Plaintiffs allege that the state court judges acted outside their judicial capacity when they allowed Ms. Miller to be removed from the emergency room and transported to a mental health facility without anything being filed in a court of law. The Plaintiffs allege that Regional Mental Health Center is a client of Commissioner Ballou.

Page 2 of the Fourth Amended Complaint contains new allegations that, pursuant to 42 U.S.C. § 1983, the Plaintiffs were the subjects of intentional discrimination on the basis of race, color, sex, gender, gender identity, pregnancy, sexual orientation, religion, national origin, age, and disability. Ms. East also represents that she was granted power of attorney for Ms. Miller, which Ms. East alleges "allows [Ms. East] to speak on [Ms. Miller's] behalf" and "gives [Ms. East] the authority [to bring] this civil complaint on [her] daughter's behalf." ECF No. 19-3, p. 2.

First, the Court dismisses the Fourth Amended Complaint brought by Ms. Miller because Ms. Miller is not proceeding pro se nor is she represented by counsel. Although Ms. Miller has now signed the Fourth Amended Complaint, it cannot be disputed that Ms. East is acting on Ms. Miller's behalf and attempting to represent Ms. Miller in this litigation. The language of each of the complaints filed in this case is written from Ms. East's perspective about Ms. Miller's rights, and Ms. East represents in the Fourth Amended Complaint that she is acting on Ms. Miller's

5

behalf pursuant to a power of attorney.[1] Again, Ms. Miller is Ms. East's adult daughter. Despite the Court's prior admonitions that Ms. East may not represent Ms. Miller in this litigation, the Plaintiffs have not expressed any intent to retain counsel to represent Ms. Miller.

The local rules for the United States District Court for the Northern District of Indiana provide: "Only members of the court's bar may represent parties before the court." N.D. Ind. L.R. 83-5(a)(1). An exception is that "[a] nonmember may represent him or herself in a case." N.D. Ind. L.R. 83-5(a)(2)(A). The Seventh Circuit Court of Appeals has recognized that an individual who is an attorney-in-fact for a party but who is not a licensed attorney cannot represent the party in court proceedings. *See Dridi v. Am. Fam. Mut. Ins. Co.*, 849 F. App'x 161, 162–63 (7th Cir. 2021) (affirming dismissal without prejudice of a case brought by a daughter on behalf of her father pursuant to a power of attorney because she was a non-attorney, relying on Southern District of Indiana Local Rule 83-5(a) and circuit precedent (citing *Elustra v. Mineo*, 595 F.3d 699, 702 (7th Cir. 2010))); *Elustra v. Mineo*, 595 F.3d at 704–05 (considering the "general rule that a person may appear in the federal courts only *pro se* or through counsel" in the context of a suit brought by a parent on behalf of a minor child); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) ("Although the Federal Rules of Appellate Procedure and this Circuit's Rules are silent as to whether non-lawyers may represent anyone other than themselves, it is clear that an individual may appear in the federal courts only *pro se* or through counsel." (citations omitted)); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . .").

Thus, a power of attorney does not bestow upon Ms. East the authority to represent Ms. Miller, her adult daughter, in this litigation. The Court has repeatedly advised the Plaintiffs of

---

[1] An unsigned Power of Attorney form is attached at ECF No. 19-1, pp. 37–38.

this since the filing of the original Complaint, yet they have made no effort to have Ms. Miller represent herself or to obtain counsel to represent her. As a result, the Court dismisses the Fourth Amended Complaint as to Ms. Miller without prejudice for failure to prosecute pursuant to the Court's inherent authority. *See O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000) ("[I]it is clear that a court has inherent authority to dismiss a case *sua sponte* for a failure to prosecute."); *see also Dridi*, 849 F. App'x at 163 (affirming dismissal because the plaintiff could not be represented in the litigation by his daughter acting under a power of attorney); *Branyan v. JPMorgan Chase Bank*, No. 1:22-CV-2438, 2023 WL 2570247, at *3 (S.D. Ind. Feb. 15, 2023) (dismissing case under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders when the plaintiff had his failed to appear on his own behalf or engage an attorney and was being represented by an attorney-in-fact).

Second, the Court again finds, for the same reasons articulated in the prior Opinion, that the Fourth Amended Complaint fails to allege any facts to state a claim by Ms. East. The allegations of the Fourth Amended Complaint again concern what appears to be the involuntary commitment of Ms. Miller, Ms. East's adult daughter, without an emergency detention order. Most of the allegations concern events that happened to Ms. Miller, such as the allegations regarding her treatment at the hospital, her emergency hearing, and her transport from the emergency room to a mental healthcare facility. Ms. East frequently asserts violations of Ms. Miller's rights: "Commissioner Benjamin Ballou, Regional caused problems that my child, myself, and the rest of my entire family now left traumatized," the judges "caused my child's rights to be violated," the defendants and others "allowed this to happen . . . with intent do harm to my child," "my child's, myself, both our constitutional rights have been so violated," and "my child was placed in slave like chains in open court." ECF No. 19-3, pp. 3–5 of 8. As the Court

7

has explained, Ms. East does not have standing to assert any claims on behalf of her daughter, and may only assert a violation of her own rights. *See Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999) (citing *United States v. Raines*, 362 U.S. 17, 22–23 (1960)). The Seventh Circuit has also held that there is no "constitutional right to recover for the loss of the companionship of an adult child when that relationship is terminated as an incidental result of state action." *Russ v. Watts*, 414 F.3d 783, 791 (7th Cir. 2005) (holding that the Fourteenth Amendment does not provide a claim for loss of society for parents whose adult son was killed by police).

The only other facts that appear to relate to a claim by Ms. East are that a judge (either Commissioner Ballou or Judge McDermott) recused himself or herself but then dismissed an emergency hearing regarding Ms. East's parental rights. As state court judges, Commissioner Ballou and Judge McDermott, "enjoy absolute judicial immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (cleaned up). And as set forth in the Court's prior opinions, to the extent any state court proceedings are ongoing, *Younger* abstention bars this Court from intervening in those proceedings. *See Howell v. Manitowoc Cnty. Hum. Servs.*, No. 22-2184, 2023 WL 6492083, at *1 (7th Cir. Oct. 5, 2023) (citing *Younger v. Harris*, 401 U.S. 37 (1971); *Milchtein v. Chisholm*, 880 F.3d 895, 898–99 (7th Cir. 2018)). Finally, as the Court previously explained, to the extent the state court proceedings have concluded, the Court lacks jurisdiction to change the outcome of a prior state court decision under the *Rooker-Feldman* doctrine. *See id.* Ms. East has not alleged any new facts to identify a claim she is bringing on her own behalf independent of the state court proceedings. *See Gilbert v. Ill. St. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010).

As for any claim against the law enforcement defendants, as with the Second and Third Amended Complaints, there are still no factual allegations to support a claim against them, much

less a claim against them by Ms. East. Finally, Ms. East has again not alleged any facts to state a claim against any of the doctors or medical entity defendants.

"When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citations omitted). However, if the amendment would be futile, leave to amend need not be granted. *Id*. (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)). Ms. East has been given two opportunities to substantively amend the complaint to state a claim, both of which have proven futile. Thus, the Court denies the Plaintiffs' motions and dismisses the Fourth Amended Complaint without prejudice. Any motions contained within the 373 pages of attachments to the Fourth Amended Complaint are improperly before the Court. *See* ECF No. 19-1.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES the Plaintiffs' Motions to Proceed In Forma Pauperis [ECF Nos. 20-1, 21-1] and DISMISSES without prejudice the Fourth Amended Complaint [ECF No. 19-3] as to Plaintiff Lorraine C. East pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and as to Plaintiff La'Nadrea Alexis Miller for failure to prosecute pursuant to the Court's inherent authority.

The Court DIRECTS the Clerk of Court to close this case.

SO ORDERED on April 5, 2024.

                      s/ Theresa L. Springmann
                      JUDGE THERESA L. SPRINGMANN
                      UNITED STATES DISTRICT COURT